OPINION of the Court, by
Judge Boyle.
— Numerous errors have been assigned in this case ; but, except that which relates to overruling the motion for a continuance of the cause, they seem to be groundless, and not deserving particular consideration.
With regard to the motion for a continuance, made on the part of the defendants in the court below, it may be observed, that though the cause had been for some time depending, yet tire record exhibits no evidence that it had ever been previously continued on their application. On the motion, the defendant Thomas produced his written affidavit, in substance stating that the testimony of the absent witness was material; that he could not go safely to trial without him ; that the witness had been summoned, and that he had gone to Virginia, but would be present at the next term of the court. The practice, as it relates to applications for continuances, the court had occasion maturely to consider in the case of Simms vs. Alcorn, decided at this term (a). The rule there laid down, requires that an affidavit, on which a motion for a continuance is founded, in case the witness resides out of the state, should ¡state, on the *434 first, as well a3 every subsequent application, what be would depose to, that the court might judge of his materiality ; but where the witness resides in the state, it is sufficient, on the first application for a continuance, that the affidavit states that his testimony is materia!, without alleging the facts he will depose to. This general affidavit ought, however, in no case to be allowed when the application for a continuance is repeated by the same party.
In the present case, it seems to the court, as the application for a continuance was the first that had been made cn the part of the defendants, that the affidavit was sufficient to entitle them to a continuance.
Judgment reversed.

 Ante 348 —Singleton vs. Carr, poft.